**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SHAWN M. CLARK, :<br>: Civil Action No. 06-284 (RBK)<br>       Petitioner, :<br>:<br>       v. :       **O P I N I O N**<br>:<br>PAUL M. SCHULTZ, Warden, :<br>:<br>       Respondent. :<br>: |  |

**APPEARANCES:**

Shawn M. Clark, <u>Pro</u> <u>Se</u>
F.C.I. Fairton
#22054-057
P.O. Box 420
Fairton, NJ 08320

**KUGLER, District Judge**

     This matter is before the Court on petitioner Shawn M. Clark's application for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Respondent has filed an Answer and Motion to Dismiss for lack of jurisdiction.  For the following reasons, the Court finds that there is jurisdiction to review Petitioner's case in the United States District Court; however, the Motion to Dismiss will be granted as the District of New Jersey is not the proper venue for review.

**BACKGROUND**

Petitioner is currently incarcerated at F.C.I. Fairton, serving a term of incarceration of 48 months imposed by the United States District Court for the Eastern District of Virginia on May 6, 2004. (Pet., ¶¶ 1-3).

In July of 2004, a warrant was issued by the State of Virginia for Petitioner for a failure to appear charge. On December 14, 2005, a detainer was issued. During the pendency of this habeas petition, Petitioner received and forwarded to this Court a letter from the State of Virginia, dated June 15, 2006, addressed to F.C.I. Fairton where Petitioner is housed, requesting that the detainer be lifted. Petitioner states that the records office at F.C.I. Fairton called Virginia, and was informed that the case is still open, despite the lifting of the detainer. (See Docket Entry 11).

Petitioner submitted the instant petition on January 20, 2006. He argues that Virginia has failed to comply with the Interstate Agreement on Detainers by failing to timely act on the 2004 warrant. He argues that if Virginia had lodged the detainer sooner, he could have dealt with the charges in a timely manner. He states that because the Virginia case is still open, his transfer to a halfway house is being delayed. He asks that his Virginia charges be dismissed.

**DISCUSSION**

The petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

In the instant case, the petitioner alleges that Virginia state has not complied with the Interstate Agreement on Detainers. It appears that this Court has jurisdiction over Petitioner's claims. In Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484 (1973), the petitioner was incarcerated in Alabama, but was subject to a detainer in Kentucky. He applied to the Western District of Kentucky for a writ of habeas corpus, alleging denial of his right to a speedy trial on the Kentucky indictment. See id. at 485. The Court held that the petitioner

3

met the "in custody" requirement of § 2241.  See id. at 488-89
and n.4 (1973).  The Court stated that "[s]o long as the
custodian can be reached by service of process, the court can
issue a writ 'within its jurisdiction' requiring that the
prisoner be brought before the court . . . even if the prisoner
himself is confined outside the court's territorial
jurisdiction."  Id. at 495.

In the instant case, unlike Braden, the petitioner has
applied to the District of New Jersey, where he is incarcerated,
to challenge his out-of-state Virginia claims.  While this Court
has jurisdiction over the sole respondent, that is, the warden of
the facility in which the petitioner is housed, the question
remains whether this District Court is the proper venue for this
action.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and
n.10 (D.C. Cir. 1988) (a court may raise considerations of venue
sua sponte); Garcia v. Pugh, 948 F. Supp. 20, 23 (E.D. Pa.
1996)(same); see also 15 Charles Alan Wright, Arthur R. Miller
and Edward H. Cooper, Federal Practice and Procedure § 3844 (2d
ed.).

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought."  Pursuant to 28
U.S.C. § 1391(b), this action might have been brought in a

judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred," or in a judicial district "in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Addressing the issue of venue in Braden, the Supreme Court noted that the district where the indictments were pending was "almost surely the most desirable forum for the adjudication of the claim." 410 U.S. at 493. That is the district "where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." Id. at 493-94. Similarly, here, all the evidence and witnesses relevant to the pending Virginia litigation, with the sole exception of Petitioner, are likely to be found in Virginia. This district has no connection to the "events or omissions giving rise to the claim."

However, Petitioner names only the warden of F.C.I. Fairton, Fairton, New Jersey, as a respondent. While a habeas petitioner is required to name as a respondent the person having custody over him, see 28 U.S.C. § 2242, the petitioner does not name any additional respondents who would have the knowledge and/or authority to litigate the Virginia claims, such as the Attorney General of the State of Virginia. Cf. Rules Governing Section 2254 Cases in the United States District Courts, R. 2(b)(if applicant is subject to state custody in future, "the petition

5

must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.  The petition must ask for relief from the state-court judgment being contested").  Because the petitioner has failed to name any respondents who would have knowledge of this claim and would have the ability to litigate this claim, and because it appears that had the petitioner named such a respondent, venue would be proper in the Eastern District of Virginia, and because it appears that the claims in this petition appear to be moot by Virginia's lifting of the detainer, the Court will dismiss the instant petition.  However, this dismissal will be without prejudice to Petitioner naming proper respondents and filing a proper petition in the Eastern District of Virginia, if he so chooses.

    An appropriate Order accompanies this Opinion.


                                         S/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge


Dated:    July 25   , 2006